UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFESSIONAL CLEANING, INC. and DENIS BISHOP, JR., | CIVIL DIVISION |
| | Case No.   2:22-cv-313 |
| Plaintiffs, | |
| | A JURY TRIAL IS DEMANDED. |
| -vs.- | |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

Pursuant to the Federal Rules of Civil Procedure, and the Local Rules for the Western District of Pennsylvania, Plaintiffs, Professional Cleaning, Inc. (PCI) and Denis Bishop, Jr., by their counsel, Massa Butler Giglione, file this complaint.

## PARTIES

### *Plaintiffs*

1. PCI is a corporation, incorporated under the laws of the Commonwealth of Pennsylvania, with an address and principal place of business located at 315 Denny Road, Valencia, Pennsylvania 16059.

2. Mr. Bishop is an adult with an address and primary residence located at 305 Denny Road, Valencia, Pennsylvania 16059.

3. At all relevant times, Mr. Bishop was an owner and/or employee of PCI, was acting on PCI's business, and was driving a vehicle owned and/or provided by PCI.

1

*Defendant*

4. Defendant, The Cincinnati Insurance Company (Insurer), is a corporation, incorporated under the laws of the state of Ohio, with its principal place of business located at 6200 S. Gilmore Road, Fairfield, Ohio, 45014.

5. Insurer sold a business policy to PCI that included coverage for underinsured motorist injuries, and under which Mr. Bishop is covered, and/or under which he is a third party beneficiary.

## STATEMENT OF JURISDICTION

6. This case is brought under 28 U.S.C. § 1332(a)(1), which indicates, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between—(1) citizens of different states."

7. In addition to the parties being citizens of different States, the amount in controversy exceeds the sum or value of $75,000.00, insofar as Mr. Bishop is an insured and/or a third party beneficiary under the underinsured insurance policy to a limit of **$1,000,000.00**; he has suffered—and continues to suffer—serious and permanent physical injuries and other damages.

## FACTS

### *The February 8, 2018, Wreck*

8. On February 8, 2018, Mr. Bishop, then 35 years old, was carefully and lawfully driving his 2010 GM Acadia, a vehicle owned and/or provided by his employer, PCI.

9. At all relevant times, Mr. Bishop was a manager for PCI.

10. On February 8, Mr. Bishop was returning from a work trip, driving south on South Main Street/Route 8 in in Butler, Pennsylvania.

11. At that same, and in that same location, Steven Lingenfelter (Tortfeasor) was driving intoxicated, negligently and recklessly crossed the center line, and crashed into Mr. Bishop head-on.

12. Upon information and belief, the Tortfeasor was traveling 40-50 miles per hour immediately before the wreck.

13. When the Tortfeasor crashed into Mr. Bishop, Mr. Bishop's vehicle in-turn crashed into the vehicle behind him.

14. Mr. Bishop's airbags deployed.

15. Because of the extensive damage, Mr. Bishop's vehicle was ultimately deemed a total loss.

16. Mr. Bishop went to UPMC Passavant's emergency department.

17. As a direct and proximate result of the wreck, Mr. Bishop suffered injuries to his arm, back, chest, head (concussion), left leg, nerves, shoulder, and spine.

18. As a direct and proximate result of the wreck, Mr. Bishop received physical therapy.

19. As a direct and proximate result of the wreck, Mr. Bishop received, and/or receives, epidurals and injections; took, and/or takes, muscle relaxers and narcotics for pain control; and received other treatment that included an L4-5 laminectomy/discectomy, i.e., surgery to remove bone and part of a disc from his back.

20. The underlying claim with the Tortfeasor settled for his policy limits of $25,000.00.

21. A significant amount of that settlement went to a subrogation lienholder.

22. Indeed, there is still an additional subrogation lien of tens of thousands of dollars for Mr. Bishop's aforementioned care.

## COUNT ONE

## BREACH OF CONTRACT

23. PCI and Mr. Bishop incorporate paragraphs 1-22 by reference.

### *The Business Auto Coverage Policy*

24. At the time of the wreck, Insurer's policy number 0097897 (Policy)—with the insured being PCI—was in full force and effect. A true and correct copy of the Policy's business auto coverage part declarations is attached as Exhibit 1 and incorporated by reference.

25. The Policy is a binding contract.

26. Pursuant to Pennsylvania law, the Tortfeasor was underinsured, because the limit of available coverage was insufficient to pay for all of Mr. Bishop's damages.

27. Under the Policy, Insurer is obligated to pay underinsured motorist coverage to Mr. Bishop up to **$1,000,000.00**. See Ex. 1, which, upon information and belief, is a renewal of the policy that was in effect on February 8, 2018, and Ex. 2, the associated Business Auto Coverage Part Declarations.

28. Mr. Bishop demanded the policy limit.

29. Insurer initially offered just $75,000.00.

30. Mr. Bishop lowered his demand to $900,000.00.

31. Insurer next counteroffered just $125,000.00.

32. Although Mr. Bishop and Insurer mediated the claim in 2021, with John Noble, Esq., it did _not_ resolve at, or after, the mediation.

33. Mr. Bishop and/or PCI have complied with all of the terms and/or conditions of the Policy.

34. Because Insurer refused to timely and appropriately evaluate and pay Mr. Bishop's claim for underinsured motorist coverage, Insurer has breached its contract with Mr. Bishop and/or PCI.

35. Because Insurer refused to pay Mr. Bishop in accordance with the terms of the Policy, Insurer has breached its contract with Mr. Bishop and/or PCI.

WHEREFORE, Plaintiffs, Professional Cleaning, Inc. and Denis Bishop, respectfully request that judgement be entered in their favor, and against Defendant, The Cincinnati Insurance Company, in an amount greater than $75,000.00, exclusive of costs and interest, together with costs, and any other relief this Honorable Court deems just.

**A JURY TRIAL IS DEMANDED.**

Dated: February 17, 2022                               Respectfully submitted,

                                                        /s/ *Peter D. Giglione*
                                                        Peter D. Giglione (Pa. Bar No. 89523)
                                                        Massa Butler Giglione
                                                        Three Gateway Center; Suiter 1543
                                                        401 Liberty Avenue
                                                        Pittsburgh, Pennsylvania 15222
                                                        Tel.: 412-338-1800
                                                        Fax: 412-338-0357
                                                        Email: pgiglione@massalawgroup.com

                                                        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Peter D. Giglione, certify that on February 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

                                                */s/ Peter D. Giglione*
                                                Peter D. Giglione

                                                *Attorney for Plaintiffs*

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

I certify that this complaint is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.

I certify that the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. I certify that the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Dated: February 17, 2022

*/s/ Peter D. Giglione*
Peter D. Giglione
Massa Butler Giglione
Three Gateway Center; Suite 1543
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 338-1800
(412) 338-0357 (facsimile)
pgiglione@massalawgroup.com